UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE HANMER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 1:15-CV-982 |
| | ) |
| SIMULATIONS & AIRCRAFT | ) |
| SOLUTIONS, LLC, and | ) |
| CHARLES A. ANDERSON, JR. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Julie Hanmer ("Hanmer") brings this action against Simulations & Aircraft Solutions, LLC ("SAS") and Charles A. Anderson, Jr. ("Anderson") (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. § 22-2-9 *et seq.* Defendants violated the FLSA by failing to pay Hanmer the minimum wage required under federal law. Defendants also violated the FLSA by refusing to properly pay overtime wages for all hours Hanmer worked in excess of forty (40) in a single workweek.  Hanmer also brings this action pursuant to the FLSA, 29 U.S.C. § 215(a)(3), alleging Defendants retaliated against her for exercising her FLSA rights.  Defendants violated Indiana state law by failing to timely pay Hanmer's earned wages.

## PARTIES

2. Hanmer is an individual who resides in Decatur County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three year period prior to the filing of this Complaint. At all times hereinafter mentioned, Hanmer was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Anderson is an owner, member and/or officer of SAS. In this capacity, Anderson is involved in the day-to-day business operations of SAS. Anderson has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage and overtime violations alleged in this Complaint. At all relevant times, Anderson acted and had responsibility to act on behalf of, and in the interests of, SAS in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage and overtime issues raised in this lawsuit. At all relevant times, Anderson was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. SAS is an Indiana limited liability company located in Greenwood, Indiana. SAS acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Innovative is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Hanmer brings a claim arising under federal law. This Court has supplemental jurisdiction over Hanmer's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Hanmer was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. §§ 206 and 207.

## FACTS

10. Defendants are in the business of providing repair services and parts for helicopters.

11. Hanmer began her employment with Defendants on or around December 2013.

12. At the beginning of her employment, Defendants agreed to pay Hanmer an annual salary of $65,000.00.

13. Defendants employed Hanmer from approximately December 2013 until approximately February 27, 2015 when Defendants terminated Hanmer's employment.

14. Hanmer regularly worked in excess of forty (40) hours in a single workweek.

15. Hanmer was not exempt from the minimum wage and overtime provisions of the FLSA.

16. On a regular and recurrent basis, Hanmer communicated via telephone and email with out-of-state potential clients for Defendants and out-of-state employees and potential employees of Defendants.

17. During her employment with Defendants, Hamner worked in excess of forty (40) hours per week but was not paid the overtime premium required by the FLSA for all hours worked in excess of forty (40).

18. From approximately January 1, 2014 to December 31, 2014, Defendants failed to pay Hanmer the applicable minimum wage required by the FLSA.

19. Defendants paid Hanmer no wages for the 2014 calendar year.

20. By failing to pay Hanmer all her wages earned, Defendants failed to timely pay Hanmer all of her earned wages as required by Indiana state law.

21. On approximately February 26, 2015, Hanmer asked Anderson when she would be paid her earned wages for 2014.

22. On approximately February 26, 2015, Anderson told Hanmer that if she continued to ask Anderson about Defendants' failure to pay her any wages for 2014, she would be fired.

23. On approximately February 27, 2015, Defendants retaliated against Hanmer by terminating her employment.

24. On May 26, 2015, Hanmer filed a wage claim with the Indiana Department of Labor. On June 11, 2015, the Indiana Office of the Attorney General referred Hanmer's wage claim to Gibbons Legal Group, P.C. for prosecution of this matter.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. Hanmer hereby incorporates by reference Paragraphs 1 – 24 of this Complaint.

26. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 and 207 by failing to comply with the minimum wage and overtime requirements of the FLSA. Defendants have acted willfully in failing to pay Hanmer in accordance with the law.

## COUNT II: RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

27. Hanmer hereby incorporates by reference Paragraphs 1 – 26 of this Complaint.

28. By terminating Hanmer's employment, Defendants retaliated against Hanmer because she engaged in protected activity in violation of the FLSA.

29. The actions of Defendants in retaliating against Hanmer were intentional, willful, and done in reckless disregard of Hanmer's rights under the FLSA, 29 U.S.C. § 215(a)(3).

## COUNT III: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE

30. Hanmer hereby incorporates by reference Paragraphs 1 – 29 of this Complaint.

31. Defendants violated I.C. § 22-2-9 *et. seq.* by failing to timely pay Hanmer her earned wages.

## PRAYER FOR RELIEF

WHEREFORE, Hanmer, by counsel, demand:

    a.    An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Hanmer, in addition to liquidated damages equal in amount to the unpaid compensation due to Hanmer;

    b.    An Order awarding Hanmer lost wages and benefits for unlawful retaliation;

    c.    An Order awarding Hanmer reinstatement or front pay in lieu thereof;

    d.    An Order pursuant to § 22-2-9 *et. seq.* finding Defendants liable for unpaid earned wages due to Hanmer and for liquidated damages double in amount to the unpaid wages found due to Hanmer;

    e.    An Order awarding Hanmer the costs of this action;

    f.    An Order awarding Hanmer her attorney's fees;

      g.      A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA; and

      h.      An Order granting such other and further relief as may be necessary and appropriate.

      s/ Robert J. Hunt
Robert J. Hunt, (#30686-49)
Philip J. Gibbons, Jr. (#19353-49)
GIBBONS LEGAL GROUP, P.C.
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:    (317) 623-8503
E-Mail:       rob@gibbonslegalgroup.com
              phil@gibbonslegalgroup.com

Attorneys for Plaintiffs