## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

In exchange for the mutual promises contained in this Confidential Settlement Agreement and Release ("Agreement") and to avoid the cost and expenses of further pursuit of claims, Julie Hanmer ("Hanmer") and Defendants Simulations & Aircraft Solutions, LLC, and Charles A. Anderson (together "Defendants") (collectively the "Parties") agree to the following:

1. **Mutual Release and Waiver of Claims.** To the fullest extent permitted by law, Hanmer releases and waives any and all claims she has or may have, including but not limited to claims under the federal Fair Labor Standards Act and all other federal, state, and local laws and common law, and including personal claims and claims for interest, attorneys' fees and costs, that exist as of the date he executes this Agreement, whether known or unknown, that have been or could be asserted against Defendants, all of their current or former related entities, and all of their current or former directors, officers, managers, supervisors, representatives, attorneys, insurers, fiduciaries, agents and employees. This waiver and release specifically includes any claims or allegations that were, or have been, made against Defendants in the United States District Court for the Southern District of Indiana, Indianapolis Division, Case Number 1:15-cv-982-TWP-TAB (the "Lawsuit").

Defendants release and waive any and all claims they have or may have, including but not limited to all claims against Hanmer for conversion or fraud, and including personal claims and claims for interest, attorneys' fees and costs, that exist as of the date they execute this Agreement, whether known or unknown, that have been or could be asserted against Hanmer.

2. **Payments.** Defendants agree to pay to or on behalf of Hanmer the gross amount of Sixty Five Thousand and 00/100 Dollars ($65,000.00) for the full and complete release and waiver of all claims set forth above in Paragraph 1 and for the other promises and commitments made in this Agreement. Payment shall be by six checks sent to counsel for Hanmer and be made payable as follows:

    a. One check sent to counsel for Hanmer on or before April 2, 2016, made out to "Julie Hanmer," will be for the amount of Six Thousand and Four Hundred Thirty-Three and 34/100 Dollars ($6,433.34), less all applicable federal, state and local tax withholdings, and represents settlement of the claims for unpaid wages Hanmer asserted in the Lawsuit.

    b. One check sent to counsel for Hanmer on or before April 2, 2016, made out to "Julie Hanmer," will be in the amount of Twelve Thousand and Eight Hundred Sixty-Six and 66/100 Dollars ($12,866.66), representing settlement of Hanmer's claims for statutory liquidated damages.

    c. One check sent to counsel for Hanmer on or before April 2, 2016, made out to made out to "Gibbons Legal Group, P.C.," will be in the amount of Thirteen Thousand Two Hundred and 00/100 Dollars ($13,200.00), representing settlement of the claim for attorney's fees and costs Hanmer asserted in the Lawsuit.

    d. One check sent to counsel for Hanmer on or before May 2, 2016, made out to "Julie Hanmer," will be for the amount of Six Thousand and Four Hundred Thirty-Three and

# Exhibit 2

34/100 Dollars ($6,433.34), less all applicable federal, state and local tax withholdings, and represents settlement of the claims for unpaid wages Hanmer asserted in the Lawsuit.

  e. One check sent to counsel for Hanmer on or before May 2, 2016, made out to "Julie Hanmer," will be in the amount of Twelve Thousand and Eight Hundred Sixty-Six and 66/100 Dollars ($12,866.66), representing settlement of Hanmer's claims for statutory liquidated damages.

  f. One check sent to counsel for Hanmer on or before May 2, 2016, made out to made out to "Gibbons Legal Group, P.C.," will be in the amount of Thirteen Thousand Two Hundred and 00/100 Dollars ($13,200.00), representing settlement of the claim for attorney's fees and costs Hanmer asserted in the Lawsuit.

Hanmmer acknowledges that this payment compensates her for 100 percent of all relief that could possibly be due to her as a result of his Claim, as well as all minimum and other wages, overtime, payroll deductions, bonuses, vacation, paid time off, benefits, and other amounts that Defendants possibly could owe her under any theory of recovery in connection with her employment with Defendants and the termination of that employment.

  3. Taxation of Payments. Defendants shall withhold required federal, state and local income and payroll taxes from the amount representing unpaid wage claims in Paragraphs 2(a) and 2(d), and shall issue a Form W-2 to Hanmer for such amount. As to the amounts representing non-wage damages in Paragraphs 2(b) and 2(e), Defendants will issue to Hanmer a Form 1099. Defendants also will issue to Gibbons Legal Group, P.C. a Form 1099 for the payment representing attorney's fees and costs in Paragraphs 2(c) and 2(f). Hanmer agrees to pay any and all additional tax liabilities she may owe as a result of this settlement (with the exception of those amounts withheld by Defendants from the payment in Paragraphs 2(a) and 2(d)), and to hold Defendants harmless for any tax liability, penalties, interests, and attorneys' fees on these amounts.

  4. Agreed Judgment. If Defendants fail to make any payment as described in Paragraph 2 above, Plaintiff is entitled to file with the Court the executed Agreed Judgment against Defendants in the amount of $65,000.00 (attached hereto as Exhibit A) less any amount settlement proceeds previously paid pursuant to this Agreement.

  5. Dismissal of Lawsuit. Within five calendar (5) days following the payment of all payments described in Paragraph 2 above, the Parties shall file a joint stipulation of dismissal, dismissing the Lawsuit with prejudice.

  6. Acknowledgments. Hanmer acknowledges that a) she has carefully read and fully understands the provisions of this Agreement, b) she has had a reasonable time to consider it, c) she has discussed all of the provisions of this Agreement with her attorney, and d) she is entering into it voluntarily.

  7. Non-Admission. This Agreement was made in compromise of vigorously disputed claims and the payments and agreements made are not an admission by Defendants of, and they specifically deny, any liability or that they have violated any federal, state, or local law or common law or that they have committed any wrongful act.

8. <u>Confidentiality</u>. Except as specifically provided in this Agreement, Hanmer agrees that any and all negotiations leading to this Agreement, the existence of this Agreement, and terms and conditions of this Agreement will remain confidential between Hanmer and Defendants, and will not be revealed to anyone else whomsoever (except Hanmer's current spouse, tax preparers, attorneys, or accountants, who shall also be bound by this confidentiality provision) unless under subpoena or court order.

9. <u>Binding Nature and Modification</u>. This Agreement is binding upon Hanmer and her heirs, administrators, representatives, executors and upon Defendants and its or their successors. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against the drafter, and in accordance with the laws of the State of Indiana. This Agreement may not be modified except by a written document signed by Hanmer and Defendants.

10. <u>Entire Agreement and Severability of Provisions</u>. This document sets forth the entire agreement between Hanmer and the Defendants. It supersedes any and all prior agreements or understandings between them, written or oral, pertaining to the subject matter of this document. Hanmer acknowledges that in executing this Agreement, she is not relying upon any representation or statement made by Defendants or by any of their representatives or attorneys other than those that are specifically stated in this Agreement. Should any provision of this Agreement be found unenforceable or invalid for any reason, that fact shall not affect the enforceability or validity of its remaining provisions.

_____
Julie Hanmer
Date: 3/25/16

Simulations & Aircraft Solutions, LLC

Printed: _____
Title: _____
Date: _____

Charles A. Anderson, Jr.

Printed: _____
Title: _____
Date: _____

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE HANMER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 1:15-CV-00982-TWP-TAB |
| | ) |
| SIMULATIONS & AIRCRAFT SOLUTIONS, LLC, and CHARLES A. ANDERSON, JR. | ) |
| | ) |
| **Defendants.** | ) |

## AGREED JUDGMENT

Plaintiff Julie Hanmer (Plaintiff), by counsel, and Defendants Simulations & Aircraft Solutions, LLC and Charles A. Anderson, Jr. (together "Defendants"), by counsel, (collectively "the Parties") hereby agree to the following: Judgment is ENTERED IN FAVOR OF Plaintiff and AGAINST Defendants in the amount of $65,000.00, less any settlement proceeds previously paid by Defendants to Plaintiff pursuant to the settlement reached by the Parties on February 12, 2016.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| s/Robert J. Hunt | s/Matthew Daley |
| Robert J. Hunt | Matthew Daley |
| Philip J. Gibbons, Jr. | mvdaley@nicelawfirm.com |
| phil@gibbonslegalgroup.com | The Nice Law Firm, LLP |
| rob@gibbonslegalgroup.com | 400 Wabash Ave, Suite 205 |
| GIBBONS LEGAL GROUP, P.C. | Terre Haute, IN 47807 |
| 3091 E. 98th St., Suite 280 | |
| Indianapolis, IN 46280 | |
| | |
| Attorneys for Plaintiffs | Attorney for Defendants |

# Exhibit A

**IT IS SO ORDERED** this _____ day of _____, 201___.

                                        BY THE COURT

                                        _____
                                        Judge, United States District Court
                                        Southern District of Indiana

Distribution to:

Philip J. Gibbons, Jr., phil@gibbonlegalgroup.com

Robert J. Hunt, rob@gibbonslegalgroup.com

Matthew Daley, mvdaley@nicelawfirm.com